Mr. Chief Justice Shaeeey
delivered the opinion of the court.
The object of this bill was to enforce an order of the probate court of Holmes county. It seems that James Higgins died in 1838, and in 1839 his administrators rented out the plantation on which he had lived, taking a promissory note from the tenant, on which they afterwards sued and recovered judgment. In May, 1840, the probate court allotted to the widow of Higgins this same plantation, for her dower, in lieu of dower in all his lands. In February, 1843, the probate court decreed that Clement, the administrator de botiis non, (the first administrators having resigned,) should deliver to the widow the note, or the proceeds, on the ground that the administrators had no right to the money, and that the note had been improperly given to them instead of the widow. The bill charges that Higgins’s estate is insolvent, and that Clement refuses to obey the order of the probate court, and prays for an injunction, and that he may be decreed to transfer the judgment to the complainant, who is assignee.
Clement, it would seem, first demurred, as there is an order overruling his demurrer, and then answered, denying the validity of the order of the probate court, but the circuit court decreed that the judgment should be assigned, and that the injunction should be made perpetual, and also that the defendants in the judgment should pay the complainant.
It was manifestly erroneous to make a decree against the judgment debtors ; they were no parties to this bill, and the decree as to them was a nullity. The bill was defective in omitting to make them parties.
But in other respects the proceeding was erroneous. The ob *344 ject was to enforce the decree of the probate court. If the widow was entitled to the rents, the probate court was not the proper place to seek redress. If the note, or the money received for rents, was not assets, and the court decided that it was not, then that tribunal had no jurisdiction. Its power over the administrator was confined to the assets belonging to the estate, and it could make no allowance other than such as was properly chargeable on the estate. Jones v. Coon, 5 S. & M. 751. If, on the other hand, the rent was received by the administrators, and constituted assets, then the widow was but a creditor, and stood upon the same footing with other creditors. There was, then, no foundation for the proceeding, on the chancery side of the circuit court.
Decree reversed, and bill dismissed.